UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., <br> as Broadcast Licensee of the <br> February 21, 2009 Championship Fight <br> Program, <br><br> *Plaintiff*, <br><br> v. <br><br> Ana Hercilia Diaz, Individually <br> and d/b/a Cibao Lounge, <br><br> *Defendant*. | § § § § § § § § § § § § § § | Civil Action H-12-520 |

## Order and Final Default Judgment

Pending before the court are the request for entry of default, motion for final default judgment, and brief in support filed by plaintiff J&J Sports Productions, Inc. ("J&J") against defendant Ana Hercilia Diaz, individually and *d/b/a* Cibao Lounge. Dkts. 5, 6, 7. After reviewing the request and motion, related filings, and applicable law, the court finds that the request and motion should be GRANTED.

### I. Factual and Procedural Background

J&J is a license company authorized to sub-license the closed-circuit telecast of the February 21, 2009 Miguel Cotto v. Michael Jennings/Kelly Pavlik v. Marco Antonio Rubio Championship Fight Program, including undercard or preliminary bouts (collectively, the "Event") at closed-circuit locations throughout Texas. Dkt. 1. In Texas, the Event was legally available only to commercial customers who purchased an agreement through J&J. Dkt. 6. To safeguard unauthorized interception or receipt of the Event, the transmission was electronically coded (or "scrambled"). *Id.* In order for the signal to be received and telecast clearly, it had to be decoded with electronic

decoding equipment. *Id.* If J&J authorized a commercial establishment to broadcast the Event, the establishment would be provided with the electronic decoding equipment and necessary satellite coordinates to unscramble the telecast. *Id.*

Defendant Ana Hercilia Diaz is an individual who was owner, license holder, and/or supervisor of Cibao Lounge. Dkt. 1. On February 21, 2009, at approximately 10:20 p.m., Hugo Flores, who is an auditor for J&J, entered Cibao Lounge at 5010 Navigation Boulevard in Houston, Texas 77011. Dkt. 6, Ex. A-2. He observed approximately 12-14 persons in the establishment and one television that was being viewed by patrons inside the establishment. *Id.* He observed Pavlik and Rubio on the television monitor. *Id.*

The complaint alleges that without authorization, Diaz intercepted and received or assisted in the interception and receipt of the transmission of the Event and broadcasted or assisted in broadcasting the Event to the patrons of her establishment. Dkt. 1. J&J claims that this broadcast of the Event violates the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Communications Act"), and seeks statutory damages pursuant to § 605. Dkts. 1, 6. J&J served Diaz by private process server on March 19, 2012, but to date Diaz has not filed a responsive pleading. Dkt. 4. J&J now moves for entry of default and final default judgment against Diaz.

## II. ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

J&J properly served process on Diaz by private process server on March 19, 2012. Dkt. 4. The summons was addressed to Diaz and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a). Dkt. 4. Diaz has not answered or otherwise made an appearance. Diaz is not believed to be a minor, incompetent, or on active duty in the military service of the United States of America. Dkt. 5. J&J properly served its request for entry of default and its motion for final default judgment pursuant to Local Rule 5.5 by mailing copies to Diaz via U.S. Mail and U.S. Certified Mail, return receipt requested, on May 9, 2012. Dkts. 5, 6. Accordingly, Diaz was properly served in this case both with process and J&J's motion for default judgment. Given Diaz' failure to answer the complaint within twenty-one (21) days, the court has the authority to accept all well-pleaded facts in J&J's complaint as true and to award the relief sought by J&J in this action.

In this case, J&J seeks statutory damages, additional damages, attorneys' fees, costs, post-judgment interest, and a permanent injunction against Diaz. Under the Federal Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.*, § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award attorneys' fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.[1]

---

[1] Even though plaintiff alleges violations of both § 553 and § 605. Plaintiff moves for statutory damages pursuant to § 605 only. It is not clear that damages resulting from one unlawful act of cable or satellite piracy are recoverable under both sections. The Fifth Circuit has not explicitly addressed whether recovery under both sections for the same action is permissible. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996), for the proposition that a plaintiff may not recover under both sections). Even courts holding that liability overlaps between § 553 and § 605 often have chosen to impose liability under § 605 because it is more generous to plaintiffs. *See Entm't by J&J, Inc. v. Al-Waha Enter., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002).

Specifically, plaintiff has requested statutory damages in the amount of $10,000.00; additional damages in the amount of $20,000.00; attorneys' fees in the amount of one-third (1/3) of recovery or $750.00 based on three (3) hours at an hourly rate of $250.00; conditional attorneys' fees; costs; post-judgment interest; and a permanent injunction prohibiting Diaz from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act. The court finds the requested relief to be reasonable in this case with the exceptions that statutory damages will be awarded in the amount of $5,000.00; additional damages in the amount of $10,000.00; attorneys' fees in the amount of $750.00; and post-judgment interest shall accrue at the rate of 0.19% per annum.

### III. CONCLUSION

J&J's requests for entry of default and motion for default judgment are hereby GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That judgment by default be entered in favor of J&J and against Diaz;

2. That J&J recover statutory damages pursuant to 47 U.S.C. § 605(E)(3)(C)(i)(II) from Diaz in the amount of $5,000.00;

3. That J&J recover additional damages pursuant to 47 U.S.C. § 605(E)(3)(C)(ii) from Diaz in the amount of $10,000.00;

4. That J&J recover court costs and post-judgment interest on the amounts awarded at the rate of 0.19% per annum from the date of this judgment until paid;

5. That J&J recover attorneys' fees from Diaz in the amount of $750.00;

4

6. That J&J recover the following conditional awards of attorneys' fees from Diaz in the following circumstances:

    a. Ten Thousand Dollars ($10,000.00) in the event the defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event the defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

    d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

    e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

The court also ENJOINS Diaz from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on June 6, 2012.

_____
Gray H. Miller
United States District Judge